IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL WINFIELD,

    Plaintiff,                      No. CIV S-03-2064 GEB GGH P

    vs.

DAREL KATCHER, et al.,

    Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. On February 25, 2004, plaintiff's complaint was dismissed with leave to file an amended complaint. On August 24, 2004, plaintiff's first amended complaint, which did not cure the defects of the original complaint was dismissed with leave granted for the filing of a second amended complaint. Although plaintiff's second amended complaint was defective, the court, on December 2, 2004, directed the King Hall Civil Rights Clinic to review the case file to determine whether plaintiff should be represented in this matter. In that order, plaintiff was cautioned that volunteer counsel might not be procurable and that he maintained responsibility for prosecuting this action while it was under review. On March 25, 2005, the clinic declined representation of plaintiff due to a full docket.

1   The court must now recommend dismissal of this action.  As plaintiff has been
2   informed in a prior order, the court is required to screen complaints brought by prisoners seeking
3   relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
4   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
5   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
6   granted, or that seek monetary relief from a defendant who is immune from such relief.  28
7   U.S.C. § 1915A(b)(1),(2).

8   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
10  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
11  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
12  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
13  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
14  Cir. 1989); Franklin, 745 F.2d at 1227.

15  A complaint, or portion thereof, should only be dismissed for failure to state a
16  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
17  of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &
18  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also
19  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing
20  a complaint under this standard, the court must accept as true the allegations of the complaint in
21  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
22  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
23  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

24  In his second amended complaint, plaintiff initially names as defendants a
25  Sacramento County Judge, Darel Katcher, and Dr. Louis Flohr, a doctor at California State
26

1  Prison- Sacramento.  Plaintiff appears to be alleging a violation of his Fourteenth Amendment
2  due process rights and also claims that he is being subjected to cruel and unusual punishment
3  under the Eighth Amendment because he has been forced to undergo injections of medication for
4  eight years on the basis that he is a danger to others, absent any evidence for such a conclusion.
5  In addition to the money damages set forth, plaintiff also asks for injunctive relief in the form of
6  the court ordering the medication terminated.

However, on September 30, 2004, in a subsequent filing, voluntarily dismissed the physician as a defendant from his second amended complaint, claiming that he wished only to proceed against Judge Katcher, seeking money damages from him alone in the amount of five million dollars "for double jeopardy."  The court will construe plaintiff's inapposite "double jeopardy" claim in his subsequent filing as one for a violation of his right to due process and his right to be free from cruel and unusual punishment.  However, plaintiff in his most recent filing makes clear that he wishes to proceed only against a state court judge and only for money damages.

As to his only remaining defendant, Judge Katcher, plaintiff has been previously informed, the Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983.  Pierson v. Ray, 386 U.S. 547 (1967).  A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  Stump v. Sparkman, 435 U.S. 349, 356-7 (1978), quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872).  A judge's jurisdiction is quite broad.  The two-part test of Stump v. Sparkman determines its scope:

> The relevant cases demonstrates that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity.

Id. at 361.

Although plaintiff's allegations continue to suffer from vagueness, it is fairly clear that plaintiff is alleging that he is being compelled to undergo injections of probably psychotropic medication pursuant to court order by defendant Katcher. Issuing court orders is plainly a central judicial function. Defendant Katcher is absolutely immune from liability under § 1983 for damages and must be dismissed from this action.

Liberality in granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999). Plaintiff has been afforded multiple opportunities to file a complaint setting forth colorable claims but has been unable to do so. It appears to this court an exercise in futility to grant any further leave to amend.

In accordance with the above, IT IS HEREBY RECOMMENDED that this action be dismissed for plaintiff's repeated failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 4/22/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
winf2064.fr